## COMMONWEALTH *vs.* JOHN STEPHENSON.

A person may be convicted of forging a check on a bank, although the counterfeit does not so much resemble the genuine check of the drawer as to be likely to deceive the officers of the bank on which it is drawn.

THIS was an indictment for forgery of a check on the president, directors, and company of the Marine Bank, purporting

to be signed by F. R. Whitwell. At the trial in the court of common pleas, before *Byington*, J. evidence was offered by the government that the check was false and counterfeit, and was made by the defendant. And for this purpose, Firman R. Whitwell was called, who testified that he did not draw the check alleged to have been forged by the defendant, and also testified that the check alleged to have been forged had no resemblance to a genuine check drawn by him; that he signed checks with his initials as this was, and that it would not be likely to deceive any man who had ever seen him write. It was also in evidence that Mr. Whitwell was a man of large business, and was in the habit of drawing numerous checks. There was also evidence tending to show that the check was passed by the defendant and received as genuine by one Henry Britton. On this evidence, the counsel for the defendant requested the court to instruct the jury that unless they were satisfied that the check drawn by the defendant, and alleged to be false and counterfeit, did so much resemble the genuine check of Firman R. Whitwell, as that it would be likely to deceive the president, directors, and company of the Marine Bank, if men of ordinary observation, there was no forgery as alleged in the indictment. The court refused so to instruct the jury, but instructed them that there must be such a forging and similitude as would be likely to deceive a person of ordinary understanding to whom the check might be passed, but not necessary to be so similar in its handwriting to the genuine handwriting of the drawer, whose name was forged, as to be likely and as probably would deceive only persons well acquainted with his handwriting, but if so similar as to deceive a person of ordinary understanding, who did not know the handwriting of the person whose name was forged, and to whom it might be passed in the ordinary course of business, then such similitude would be sufficient upon which they might convict.

The jury convicted the defendant, and to the ruling of the court the defendant excepted.

*N. Morton & B. Sanford*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

Dewey, J.   The instructions asked on the part of the defendant were properly refused.   It is not necessary that there should be so perfect a resemblance to the genuine handwriting of the party whose name is forged as would impose on persons having particular knowledge of the handwriting of such party, nor is it necessary that the officers of the bank upon which a check purported to be drawn would have probably been misled and deceived by it.   The intent to defraud the bank may exist, and may be found by the jury, though the officers of the bank, from their better acquaintance with the genuine handwriting of the drawer, would readily have detected the check as a counterfeit one.   The authorities to this point may be found in 2 Hale P. C. 289, *n. Mazagora's case*, Russ. & Ry. 291; *Sheppard's case*, Russ. & Ry. 169; 3 Greenl. Ev. § 103.                    *Exceptions overruled.*